# United States Court of Appeals
# For the First Circuit

_____

No. 22-1001

UNITED STATES OF AMERICA,

Appellee,

v.

JADIEL JOAQUIN TORRES-RIJOS, a/k/a Castier/Kastier,

Defendant, Appellant.

_____

Before

Barron, Chief Judge,
Thompson and Montecalvo, Circuit Judges.

_____

**JUDGMENT**
Entered: April 18, 2024

    Defendant got a within-guidelines prison sentence of 360 months after pleading guilty — under a plea agreement recommending 300 months — to using and carrying a gun during a crime of violence, causing murder (he had a sentencing range of 292 to 365 months). See 18 U.S.C. § 924(j)(1). He asks us to stamp the sentence "substantively unreasonable" (because his term topped the agreement's proposal, the waiver-of-appeal clause does not apply). For simplicity's sake, we assume — favorably to him — that review is for abuse of discretion. See United States v. Caballero-Vázquez, 896 F.3d 115, 120, 122 (1st Cir. 2018). Seeing none — after reminding ourselves that a within-guidelines term is presumptively reasonable, see United States v. Colcord, 90 F.4th 25, 30 (1st Cir. 2024) — we leave his sentence as is (Defendant, by the way, did not file a reply brief to rebut the points we make below (which track the government's key points too)).

    A sentence is substantively reasonable if the judge gave a plausible explanation and reached a defensible result. See United States v. Rijos-Rivera, 53 F.4th 704, 710 (1st Cir. 2022). Defendant thinks that the judge fell short here, for several reasons. But nothing he argues moves the needle in his direction.

Defendant first faults the judge for not following the parties' sentencing suggestion. But the judge had no duty to give "any decretory significance to [their] non-binding recommendations — or even to . . . explain why [he] decided to eschew those recommendations." See United States v. Cortes-Medina, 819 F.3d 566, 573 (1st Cir. 2016).

Second, and somewhat relatedly, Defendant criticizes the judge for mentioning the role the crime's brutality played in choosing the 360-month term — even though (to quote Defendant's brief) "[t]his fact was taken into account by the parties in reaching a joint" 300-month "recommendation." But by not seriously developing this critique — he offers no supporting authority, for example — he waived it. See Rezende v. Ocwen Loan Servicing, LLC, 869 F.3d 40, 43 (1st Cir. 2017).

For his third claim, Defendant accuses the judge of not giving enough weight to mitigating circumstances that he believes justified a lower sentence. As a for-instance, he points to the judge's calling his family life "dysfunctional" — even though (according to Defendant) the instances of physical, sexual, and emotional abuse he suffered (highlighted in probation's report, his sentencing memo, and counsel's arguments at sentencing) go way beyond "dysfunctional" (the judge, to be clear, confirmed that he had reviewed the report and memo). But this claim runs headlong into the rule that a judge's decision "not to attach to certain of the mitigating factors the significance that the [defendant] thinks they deserved does not make the sentence unreasonable." See United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011); see also United States v. Domínguez-Figueroa, 866 F.3d 481, 487 (1st Cir. 2017) (noting that when it comes to sentencing explanations, we can infer that the judge considered a defendant's claims by comparing what probation wrote and what the parties said with what the judge did). Defendant implies that his life circumstances are so unusual as to take his case outside that rule. But his suggestion is so underdeveloped — he again gives no backing authority, for instance — that he waived that too. See Rezende, 869 F.3d at 43. And despite what Defendant may think, the judge's explanation sufficed for this within-guidelines sentence.[1]

---

[1] Defendant flagged United States v. Colón-Cordero, 91 F.4th 41 (1st Cir. 2024), in a Rule 28(j) letter shortly before oral argument. He thinks it helps his substantive-reasonableness arguments. It does not. Colón-Cordero found an upwardly variant sentence procedurally unreasonable because the judge failed to adequately explain it. See id. at 52-54. Defendant (recall) makes no procedural-unreasonableness argument here. And even if we were to indulge the argument, see United States v. Crespo-Ríos, 787 F.3d 34, 37 n.3 (1st Cir. 2015) (noting that "[t]he lack of an adequate explanation can be characterized as either a procedural error or a challenge to the substantive reasonableness of the sentence"), it would do him no good. That is because a *within*-guidelines sentence like his requires less explanation than an *outside*-guidelines one. See United States v. Harrison, 899 F.3d 49, 53 n.4 (1st Cir. 2018); see also Molina-Martinez v. United States, 578 U.S. 189, 201 (2016). Which distinguishes his case from Colón-Cordero. And which also distinguishes his case from one of his co-perpetrator's. See United States v. Perez-Delgado, ___ F.4th ___, ___ (1st Cir. 2024) [No. 22-1231, slip op. at 2].

Defendant's same lack-of-development problem also undoes his fourth claim — that the prosecutor "improperly" asked the judge (after imposing the sentence) to clarify whether two videos (one Defendant took showing the victim before the killing; another showing Defendant shooting a gun stolen from the victim) factored into the decisional calculus (the judge indicated that they had). See Rezende, 869 F.3d at 43. Defendant does not argue that the government breached the plea agreement. And even if he thinks that the brief does press that issue, we would consider the argument waived by perfunctory treatment. See United States v. Cruz-Ramos, 987 F.3d 27, 35 n.5 (1st Cir. 2021).

Defendant's fifth and final argument cannot succeed either. Insisting that "his role in the events was less than others," he says that the judge imposed a sentence "greater than necessary" to achieve the purposes of punishment. But he did not request a minor-role adjustment below (among other shortcomings). See United States v. Martínez-Vives, 475 F.3d 48, 55 (1st Cir. 2007). And if he is suggesting that his prison term created an unwarranted sentencing disparity, we need only say that he did not offer the kind of information needed to show this. See United States v. Perry, 49 F.4th 33, 42 (1st Cir. 2022).

Affirmed.

By the Court:

Maria R. Hamilton, Clerk

cc:
Jenifer Yois Hernández-Vega
Timothy R. Henwood
Mariana E. Bauzá-Almonte
Edward Gantar Veronda
Alexander Louis Alum
Gregory Bennett Conner
Brendan B. Gants
Lydia J. Lizarríbar-Masini
Jadiel Joaquin Torres-Rijos